HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBERLY S. LAKE-SEIBERT,

    Plaintiff,

  v.

MEGAN J. BRENNAN, in her capacity as Postmaster General of the United States,

    Defendant.

CASE NO. C15-925RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Kimberly S. Lake-Siebert's ("Plaintiff") second Motion for the Appointment of Counsel (Dkt. # 10), Defendant Megan J. Brennan's ("Defendant") Motion to Dismiss (Dkt. # 12) and Plaintiff's Motion for Leave of Court to Amend Complaint (Dkt. # 15). For the reasons set forth below, Plaintiff's second Motion for the Appointment of Counsel (Dkt. # 10) is **DENIED**, her Motion for Leave of Court to Amend Complaint (Dkt. # 15) is **GRANTED**, and Defendant's Motion to Dismiss is **DENIED as MOOT**.

## II. DISCUSSION

Plaintiff brings claims against the United States Postal Service ("USPS") alleging, *inter alia*, that she was discriminated against on the basis of her sex. *See* Dkt. # 4 (Compl.) at 2. She claims that she was treated differently from her male counterparts, that her supervisor forged her time cards, and that she was forced to work a shift even

ORDER – 1

after being involved in a car accident and in direct contravention to her doctor's orders. *Id.* As a result, Plaintiff now seeks damages totaling $355,000, to have the Attorney General prosecute the sixteen alleged acts of forgery, and attorneys' fees and costs. *See id.* at 3.

### a. Plaintiff's Motion for the Appointment of Counsel

There is no right to appointed counsel in civil cases. In civil cases involving litigants proceeding in forma pauperis, the court has discretion to appoint counsel, but only in exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); 28 U.S.C. § 1915(e). The court must consider the likelihood that the litigant will succeed on the merits as well as the litigant's ability to articulate his claims in light of their complexity. *Palmer*, 560 F.3d at 970. Neither of these considerations "is dispositive and instead must be viewed together." *Id.*

This Court finds that the legal issues in this case are not complex and that Plaintiff has shown that she is sufficiently capable of adequately articulating her claims and, in fact, has done an admirable job in adhering to this Court's rules and procedures.[1] The Court declines to engage in a full on discussion of Plaintiff's likelihood of success, given that a motion to dismiss is pending and Plaintiff has sought to amend her complaint. Nevertheless, the Court notes, as it noted in its earlier Order (Dkt. # 8 at 2), that Plaintiff's failure to timely exhaust her administrative remedies poses a serious threat to the viability of any claims.

Accordingly, the Court **DENIES** Plaintiff's motion. Dkt. # 10.

---

[1] Plaintiff's second motion also suggests that she already has access to legal counsel. Plaintiff states that she attended a "redress meeting" in January 2015 with "[her] friend who is an attorney in Bellingham, David Kennedy." *See* Dkt. # 10 at 5. Plaintiff further states that the week after the "redress meeting," "Scott Manier sent David Kennedy, my Bellingham attorney, (who is not a federal attorney)" allegedly forged timecards. *Id.* at 6. Finally, Plaintiff says that "Joan from the EEO" told her that "[she] had the right to a free attorney." *Id.*

Any attorney who is a member in good standing of the Washington State Bar is eligible for admission to practice in this Court. *See* http://www.wawd.uscourts.gov/attorneys/admissions. If Mr. Kennedy remains willing to represent Plaintiff, he is welcome to apply for admission to practice before this Court.

ORDER – 2

The Court advises Plaintiff that as a pro se litigant, she is responsible for pursuing her claims, including meeting court deadlines and complying with the Court's local rules. She will find resources for pro se parties, including the Court's local rules, at the Court's website, at www.wawd.uscourts.gov.

b.  Plaintiff's Motion for Leave to Amend

Apparently in a second response to Defendant's Motion to Dismiss (Dkt. # 12), Plaintiff filed a Motion for Leave to Amend (Dkt. # 15).  Defendant does not oppose Plaintiff's proposed amended complaint, but merely notes that Plaintiff raised these issues in opposition to Defendant's Motion to Dismiss.  *See* Dkt. # 16 at 1-2.

Federal Rule of Civil Procedure 15(a)(1)(B) permits a party to amend a "pleading once as a matter of course within: . . . (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . ."  Of course, Plaintiff filed her motion 29 days after service of Defendant's Rule 12(b)(6) motion to dismiss (*see* Dkt. # 12 & 15), but the Court is instructed to treat pro se parties "with great leniency" when evaluating their "compliance with the technical rules of civil procedure" (*Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1971); *see also Wennihan v. AHCCCS*, 515 F. Supp. 2d 1040, 1043 (D. Ariz. 2005) ("the involvement of a pro se litigant necessitates a liberal application of procedural requirements.")).

///

///

///

ORDER – 3

In light of all this, the Court will **GRANT** Plaintiff's Motion for Leave to Amend. Dkt. # 15.  Plaintiff is instructed to file the proposed amended complaint labeled as Exhibit A to this Motion as a separate document.  The Court will therefore **DENY** Defendant's Motion to Dismiss at this time as **MOOT**.  Dkt. # 12.

DATED this 6th day of November, 2015.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4