HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBERLY S. LAKE-SEIBERT,

        Plaintiff,

    v.

MEGAN J. BRENNAN, in her capacity as
Postmaster General of the United States,

        Defendant.

CASE NO. C15-925RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on Defendant Megan J. Brennan's ("Defendant") Second Motion to Dismiss. Dkt. # 19. Plaintiff Kimberly S. Lake-Seibert ("Plaintiff") has filed two oppositions. *See* Dkt. # 20 & 22. For the reasons set forth below, the Court will **GRANT** Defendant's Motion and **DISMISS** Plaintiff's First Amended Complaint ("FAC") **with prejudice.**

## II.   BACKGROUND

Plaintiff worked for the United States Postal Service ("USPS") from June 16, 2014 to August 12, 2014 as a city carrier assistant. *See* Dkt. # 18 ("FAC") at 3; Dkt. # 4-1 at 5. According to the EEO dismissal of Plaintiff's complaint, Plaintiff remained on Defendant's payroll until September 9, 2014 so that she could have certain pay anomalies corrected. *See* Dkt. # 4-1 at 5-6. Based on the USPS's internal records, Plaintiff was posted at the Mount Baker Station in Bellingham, Washington. *See* FAC at 2; Dkt. # 4-1

ORDER – 1

at 5.  Plaintiff claims that during this period, she was injured on the job, was yelled at by her supervisor, and had her time cards falsified.  *See* FAC at 2.  On this basis, Plaintiff claims that she was discriminated against based on her sex and alleges violations of Title VII of the Civil Rights Act of 1964.  *Id.* at 1-2.

Plaintiff first made contact with the USPS's EEO Office on November 3, 2014. *See id.* at 3.  She filed a formal complaint with the USPS's EEO Office on February 13, 2015.  *See* Dkt. # 4-1 at 5.  The Office dismissed Plaintiff's EEO complaint on March 13, 2015.  *See id.* at 4.  The USPS's EEO Office dismissed because Plaintiff did not make contact within the applicable time limits.  *See id.* at 5.

### III.   LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim.  The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations.  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).  If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief.  *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question.  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  The court may also consider evidence subject to judicial notice.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

ORDER – 2

Where a plaintiff proceeds *pro se*, the court must construe his "complaints liberally even when evaluating it under the *Iqbal* standard." *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). "Furthermore, '[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.'" *Id.* (quoting *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004)).

## IV.   DISCUSSION

"Title VII 'provides the exclusive judicial remedy for claims of discrimination in federal employment.'" *Alguard v. Vilsack*, 65 F. Supp. 3d 1070, 1075 (E.D. Wash. 2014) (quoting *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1975)); *see Puget Sound Energy, Inc. v. United States*, 310 F.3d 613, 627 (9th Cir. 2002). "In order to establish subject matter jurisdiction over her Title VII claim, Plaintiff was required to exhaust her administrative remedies." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) (citing *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994)).

"An aggrieved federal employee must consult an EEO counselor within 45 days of an alleged discriminatory act." *Fuller v. Johnson*, 107 F. Supp. 3d 1161, 1168 (W.D. Wash. 2015) (citing 29 C.F.R. § 1614.105(a)(1)). "This period may be extended where this employee can show that he did not know and reasonably should not have known that the action occurred." *Id.* (citing 29 C.F.R. § 1614.105(a)(2)). "[A]bsent waiver, estoppel, or equitable tolling, 'failure to comply with this regulation [is] ... fatal to a federal employee's discrimination claim' in federal court." *Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002)).

ORDER – 3

1    It is undisputed that Plaintiff did not comply with the 45 day time limit.  Plaintiff

2    herself admits that she waited 83 days – from August 12, 2014[1] to November 3, 2014 –

3    before she made first contact with the USPS's EEO Office.  *See* Dkt. # 20 at 1.  Plaintiff

4    appears to claim equitable tolling based on two grounds: (1) that even though there was a

5    poster displaying the applicable EEO guidelines displayed in the Mount Baker Station

6    break room, that room was not frequented by "carriers," and (2) she communicated with

7    the local postmaster regarding a dispute about her wages until October 24, 2014.  *See id.*

8    at 1-2.  Alternatively, Plaintiff suggests that equitable estoppel may apply on the ground

9    that the EEO poster was not prominently displayed throughout the workplace.  *See id.* at

10   2.  Equitable estoppel "focuses primarily on the actions taken by the defendant in

11   preventing a plaintiff from filing suit" while equitable tolling "focuses on whether there

12   was excusable delay by the plaintiff."  *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir.

13   2002) (citing *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176, 1178 (9th Cir. 2000)).

14   The Court begins with equitable estoppel.  Equitable estoppel requires a

15   consideration of numerous factors, "including: (1) the plaintiff's actual and reasonable

16   reliance on the defendant's conduct or representations, (2) evidence of improper purpose

17   on the part of the defendant, or of the defendant's actual or constructive knowledge of the

18   deceptive nature of its conduct, and (3) the extent to which the purposes of the limitations

19   period have been satisfied."  *Id.* (quoting *Santa Maria*, 202 F.3d at 1176).  In other

20   words, equitable estoppel requires that the defendant actively take "steps to prevent the

21   plaintiff from suing in time" – i.e., fraudulent concealment.  *See id.*

22   It is undisputed that the Defendant posted EEO notices in its Mount Baker Station

23   break room.  This appears to be in accord with federal regulations.  *See* 29 C.F.R. §

24   1614.102(b)(5) & (b)(7)[2] (each agency must "[p]ublicize to all employees and post at all

---

[1] It is unclear, but Plaintiff appears to be waiving September 9, 2014 as the date of the last act of discrimination.  In any event, even September 9, 2014 would be outside the 45 day window for contacting the EEO as it is 55 days before November 3, 2014.

[2] Plaintiff's surreply claims that 29 C.F.R. § 1614.201 does not exist.  *See* Dkt. # 22.  However, it appears that Plaintiff has simply transposed numbers in the regulation.

ORDER – 4

times the names, business telephone numbers and business addresses of the EEO Counselors (unless the counseling function is centralized, in which case only the telephone number and address need be publicized and posted), a notice of the time limits and necessity of contacting a Counselor before filing a complaint."). Plaintiff does not allege or discuss any malfeasance by the Defendant in preventing her from learning the relevant EEO deadlines. Without any such deceptive act by the Defendant, equitable estoppel cannot apply. *See Sager v. McHugh*, 942 F. Supp. 2d 1137, 1145 (W.D. Wash. 2013).

Next, the Court turns to Plaintiff's claims of equitable tolling. Equitable tolling applies only if the plaintiff "had neither actual nor constructive notice of the filing period." *Leorna v. U.S. Dep't of State*, 105 F.3d 548, 551 (9th Cir. 1997) (citing *Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1050 (9th Cir. 1987)). It does not apply to a "garden variety claim of excusable neglect." *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1193 (9th Cir. 2001) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Here, Plaintiff's admission that the EEO poster[3] actually was displayed in the Mount Baker Station break room (FAC at 2) dooms her claim of equitable estoppel because it establishes that she had constructive knowledge of the applicable guidelines (*see Johnson*, 314 F.3d at 416 n.4 (holding that where it was undisputed that there were posters displayed in the USPS office and even assuming that plaintiff had not actually seen the posters, their placement constituted constructive notice); *see also Nelson v. McHugh*, No. CV-08-1424-ST, 2011 WL 3422869, at *15 (D. Or. Apr. 5, 2011)). Plaintiff's communication with her local postmaster does not excuse her untimely

---

[3] The Court further notes that the USPS's Employee and Labor Relations Manual in fact makes clear that EEO complaints must be filed "within 45 days of the event believed to be discriminatory." *See* United States Postal Service, *ELM Issue 39 – Employee and Labor Relations Manual, 666 Prohibited Personnel Practices*, § 666.22 (available at: https://about.usps.com/manuals/elm/html/elmc6_031.htm). Agency handbooks may be proper subjects of judicial notice. *See e.g., Consol. Salmonid Cases,* 713 F. Supp. 2d 1116, 1161 (E.D. Cal. 2010); *Peruta v. Cnty. of San Diego*, 678 F. Supp. 2d 1046, 1054 (S.D. Cal. 2010); *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 976 (E.D. Cal. 2004). Plaintiff admits that she received and reviewed these documents, meaning that she also had constructive knowledge through these materials.

ORDER – 5

charges.  Although Plaintiff claims she was in contact with the local postmaster until October 24, 2014 (*see* Dkt. # 20 at 2), she *does not* claim that he misled her about the applicable deadlines or, more importantly, that she contacted him regarding an EEO matter.  Plaintiff does not allege any facts – nor does it appear that she could – showing that the local postmaster is "logically connected with the EEO process."  *Kraus*, 572 F.3d at 1044 (quoting EEOC Management Directive 110, at ch. 2, § I.A n. 1, 1999 WL 33318588 (Nov. 9, 1999)).  This makes sense, as Plaintiff contacted the local postmaster regarding "a dispute over her wages" or her "OWCP wage claim," not the EEO complaints for gender discrimination for which she is now suing.  *See* Dkt. # 20 at 2.

Finally, the Court finds that Plaintiff's retention of an attorney on October 6, 2014 also weighs against a finding of equitable tolling.  *See* Dkt. # 20 at 2.  The case law is unequivocal that "once a claimant retains counsel, tolling ceases because she has gained the 'means of knowledge' of her rights and can be charged with constructive knowledge of the law's requirements."  *Leorna*, 105 F.3d at 551 (internal quotation marks omitted).  Nevertheless, even after retaining an attorney, Plaintiff still waited 28 days before making contact with the USPS's EEO Office.  *See* FAC at 2; Dkt. # 4-1 at 5.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Defendant's Second Motion to Dismiss.  Dkt. # 19.  Additionally, because Plaintiff cannot allege any facts to remedy her failure to timely exhaust her administrative remedies, any further amendment would be futile.  As such, the Court will dismiss Plaintiff's claims **with prejudice and without leave to amend.**  The Clerk to close this case.

DATED this 2nd day of February, 2016.

The Honorable Richard A. Jones
United States District Judge

ORDER – 6